In the Matter of The United States v. Sherman M. Booth. Stephen V. R. Ableman, Plaintiff in Error, v. Sherman M. Booth.

Where the clerk of the supreme court of a state neglects or refuses to make a return to a writ of error issued under the 25th section of the judiciary act, this court will lay a rule upon him to make return on or before the first day of the next term, or show cause why such return has not been made in conformity to law.

And where there is another case upon the docket involving the same questions the court will direct it to be continued, in order that both cases may be argued together.

These two cases will be reported together, although in some respects they were dissimilar. In both, however, writs of error had been issued by this court directed to the supreme court of Wisconsin. In the first case, viz: The United States v. Booth, the writ was not returned, and Mr. Cushing, (attorney-general,) filed a copy of the record and moved the court to docket the case, and set it down for argument at the next term. In the other case, viz: Ableman v. Booth, the writ was returned, accompanied by a certified copy of the record, and the case stood regularly upon the trial docket.

In the case of the United States v. Booth, the motion of the attorney-general was as follows:—

And now the attorney-general comes into court and says that, to the writ of error in the present case to the supreme court of the State of Wisconsin, issued by the chief justice of the United States, no return has been made; whereupon he moves that an authentic copy of the record of the said supreme court of the State of Wisconsin in the case, and of the writ of error, with certificate of other proceedings since had, may be filed, and the case entered, and proceed to final judgment on the said copies.

The other proceedings, mentioned in the above motion were comprised in the following certificates, &c.

1. A petition of the attorney-general, reciting the facts stated in the opinion of the court, and praying for a writ of error to remove the case from the supreme court of Wisconsin to this court.

2. The allowance of the writ on the 21st of April, 1855. On the 5th of September, 1855, John R. Sharpstein, district attorney of the United States, made oath before Judge Miller, judge of the district court, that he delivered the writ of error to Lafayette Kellogg, Esq., clerk of the supreme court of Wisconsin, at his office in Madison, on the 30th of May, 1855.

3. The citation to Booth and the service of it by Ableman, the marshal.

4. The following affidavit by Sharpstein:—

I, John R. Sharpstein, attorney of the United States for said

district, do solemnly swear, that I have been informed by Lafayette Kellogg, Esq., clerk of the supreme court of the State of Wisconsin, and also by Abram D. Smith, an associate justice of said court, that the said court directed the said clerk to make no return to the writ of error issued out of the supreme court of the United States, in the above entitled cause, and by this deponent served, according to law and the rules of the said last-mentioned court, and that the said supreme court of the State of Wisconsin further directed the said clerk to enter no order upon the journal or records of said court concerning the same, and further deponent says not.

J. R. SHARPSTEIN.

5. A copy of the record.

IN THE MATTER OF THE UNITED STATES v. SHERMAN M. BOOTH.

Mr Chief Justice TANEY delivered the opinion of the court.

The court proceed to dispose of the motion made by the attorney general to docket the case of The United States v. Booth, to stand for argument in this court at the next term.

In support of this motion he has produced a copy of the record of the proceedings in the supreme court of Wisconsin in the above-mentioned case, certified by the clerk under the seal of the court, by which it appears that Booth was indicted in the district court of the United States for the district of Wisconsin, for aiding a fugitive slave to escape from the custody of the marshal—the marshal having the said slave at that time legally in his custody; and that upon that indictment the said Booth was tried and found guilty, and sentenced by the court to be imprisoned for one month, and to pay a fine of one thousand dollars. That while he was thus imprisoned he obtained a writ of *habeas corpus* from the state court; and, upon a hearing in the supreme court of the State, was discharged from imprisonment by that court, upon the ground that the imprisonment under the sentence of the district court of the United States was illegal.

It further appears, that a writ of error afterwards issued from this court, at the instance of the attorney-general in behalf of the United States, returnable to the present term, and directed to the judges of the supreme court of the State of Wisconsin, in order to bring the said proceedings and judgment here for revision, according to the provisions of the 25th section of the act of

congress of 1789, ch. 20. But no return has been made to the writ; and it appears by the affidavit of the district attorney, filed with the motion, that the writ of error was duly served on the clerk of the supreme court of the State, and that he was informed by the said clerk that the court had directed him to make no return to the writ of error.

Upon this state of facts the attorney-general has made the motion above mentioned.

The writ of error, without doubt, was rightfully issued from this court, to carry into execution the appellate powers confided to it by the constitution and laws of the United States; and it was the duty of the clerk to obey it, and to send a transcript of the record and proceedings therein mentioned, together with the writ of error, to this court at the present term. And certainly the order of no other tribunal will justify an officer in disobeying the process of this court lawfully issued.

The refusal of the clerk, however, cannot prevent the exercise of the appellate powers of this court; and the court will take such order in the case, as will enable it to fulfil the duties imposed upon it.

But in a matter of so much gravity and importance, we deem it proper, before any other proceeding is had, to lay a rule upon the clerk to make the return required by the writ of error, on or before the first day of the next term of this court; or to show cause, if any he hath, to excuse or justify his neglect or refusal to obey the writ.

The motion to docket the case is, therefore, continued over to the next term, and the court will make the following order:—

*Rule.*

It having been suggested and shown to this court by the attorney general of the United States, that the writ of error heretofore allowed and awarded by the chief justice of the supreme court of the United States, and which issued out of this court, pursuant to the several acts of congress in such case made and provided, directed to the supreme court of the State of Wisconsin, requiring the record and proceedings of the said supreme court of the State of Wisconsin in the matter of Sherman M. Booth, for a writ of *habeas corpus* and to be discharged from imprisonment, to be sent to this court, has not been returned pursuant to the exigency of the said writ:—

It is thereupon ordered, that the clerk of said supreme court of the State of Wisconsin do make due return of the said writ of error, pursuant to the mandate therein contained, and according to the laws of the United States in that behalf, on or before

the first day of the term of this court next to be holden at the city of Washington, on the first Monday of December, in the year of our Lord one thousand eight hundred and fifty-six, or then and there show cause why such return has not been made in conformity to law. And it is further ordered that a copy of this rule be served on the said clerk on or before the first day of August next.